STATE OF CONNECTICUT *v.* PEDRO H. MATUTE
(AC 20020)

Lavery, C. J., and Zarella and Dranginis, Js.

Submitted on briefs December 4, 2000—officially released January 16, 2001

*Michael Dearington,* state's attorney, *Robert M. Spector,* deputy assistant state's attorney, and *Philip Scarpellino,* senior assistant state's attorney, filed a brief for the appellant (state).

*Opinion*

PER CURIAM. This is an appeal by the state following the granting by the trial court of the defendant's motion to vacate the judgment of conviction of possession of cocaine in violation of General Statutes § 21a-279 (a) and to allow him to withdraw his guilty plea entered pursuant to the *Alford* doctrine.[1] The state claims that the court improperly vacated the judgment and allowed the defendant to withdraw his guilty plea on the ground that the original trial court had not advised the defendant of the deportation consequences of the guilty plea as required by General Statutes § 54-1j.[2] The trial court, in vacating on August 6, 1999, the judgment that was based on the guilty plea entered by the defendant on August 19, 1993, determined that Public Acts 1997, No.

---

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 54-1j provides: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'

"(b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court.

"(c) If the court fails to advise a defendant as required in subsection (a) of this section and the defendant not later than three years after the acceptance of the plea shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

97-256, § 6, which amended General Statutes § 54-1j (c) and instituted a three year statute of limitations on the filing of motions to vacate, did not apply retroactively to the defendant. Since the trial court's ruling, the Supreme Court resolved the issue of retroactivity in *State* v. *Parra*, 251 Conn. 617, 741 A.2d 902 (1999). In *Parra*, the Supreme Court held that the three year statute of limitations applied not only to defendants who pleaded guilty after the effective date of the amendment, but also retroactively to all defendants who claimed that they were not canvassed on the deportation consequences of their plea in accordance with § 54-1j. See id., 620.

The decision of the trial court allowing the defendant to withdraw his guilty plea is reversed and the case is remanded with direction to deny the defendant's motion to vacate the judgment of conviction.